

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS JOE MILLER-EL, | * |
| Petitioner, | * |
| v. | * Civil No. 3:96-CV-1992-H |
| GARY JOHNSON, Director, Texas Department of Criminal Justice Institutional Division, | * |
| Respondent. | * |



## MEMORANDUM OPINION AND ORDER

This is a death penalty case.

Before the Court are the Findings and Recommendation of the United States Magistrate Judge, signed January 31, 2000; and Petitioner's Objections, filed February 25, 2000. Magistrate Judge Kaplan recommended that Miller-El's habeas corpus petition be denied. Pursuant to Fed. R. Civ. P. 72(b), this Court has made a de novo review of the portions of the Magistrate Judge's disposition objected to by Petitioner. Additionally, the Court heard oral argument from Petitioner and Respondent on April 25, 2000.

Based on the pleadings, evidence, and arguments of counsel, the Court hereby **ADOPTS** the findings and recommendation of the Magistrate Judge, except as **MODIFIED** below. Miller-El's petition for a writ of habeas corpus is **DENIED**.

### I. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA") STANDARD

At the outset, the Court recognizes the recent changes in habeas jurisprudence. Pursuant to the AEDPA, a federal court may not grant habeas relief on any claim that was adjudicated on

the merits in a state court proceeding unless the petitioner shows that the prior adjudication: (1) resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established federal law;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Until very recently, the Fifth Circuit had held that an application of law to facts is not "unreasonable" unless "[the] state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996). The Supreme Court recently suggested that this standard is erroneous. *See Williams v. Taylor*, __ U.S. __, 120 S.Ct. 1495 (2000). In *Williams*, decided April 18, 2000, the Court criticized the Fifth Circuit's standard:

> The 'all reasonable jurists standard' would tend to mislead federal habeas courts by focusing their attention on a subjective inquiry rather than on an objective one. For example, the Fifth Circuit appears to have applied its 'reasonable jurist' standard in just such a subjective manner. *See Drinkard v. Johnson*, 97 F.3d 751, 769 (1996) ....

*Williams*, 120 S.Ct. at 1521-22. It appears that the *Drinkard* opinion has been overturned to the extent it required a subjective inquiry into what is an "unreasonable application" of facts to the law. The Supreme Court went on to ostensibly clarify that, under AEDPA, a state court decision may be <u>incorrect</u> or <u>erroneous</u> application of the law to the facts, but may not be an <u>unreasonable</u> application. *See Williams*, 12 S.Ct. at 1522.

The Magistrate Judge made his recommendation before *Williams v. Taylor* was decided, and cited the *Drinkard* "reasonable jurists" standard of review. Therefore, the Court modifies the portions of the Magistrate Judge's recommendation that rely on *Drinkard*. (Magistrate's Findings

at 3, 23). However, upon review of the pleadings, the Court finds that the change in the standard review has no determinative effect on the findings of the Magistrate Judge.

## II. BATSON[1] AND SWAIN[2] CLAIMS

### A. Swain claim

The Court agrees with the Magistrate Judge that *Swain* does not provide an independent basis for challenging the prosecutor's use of peremptory challenges, and that Petitioner's claim must be analyzed under *Batson*. In each of the cases cited by Petitioner that allow relief under *Swain* (Petition at 179, 184; Objections at 9 n. 4), *Batson* was found inapplicable because it was decided after the defendant's conviction and appeal. Miller-El cites no case that grants *Swain* relief in which *Batson* was also applied to the prosecutor's use of peremptory challenges. Therefore, the Magistrate Judge's recommendation on the *Swain* claim is accepted in whole.

### B. Batson claim

The principal legal objection to the Magistrate Judge's recommendation on the *Batson* claim is that the Magistrate should have placed more weight on the strong evidence of discrimination in jury selection by Dallas County District Attorneys at the time of Petitioner's trial. Petitioner cites the plurality in *Hernandez v. New York*, 500 U.S. 352 (1991) for the proposition that the trial judge must take all evidence into account in the third step of the Batson inquiry—whether the Defendant has proved purposeful discrimination. However, *Hernandez* also stands for the deference of a federal habeas court to the credibility determination of the state trial judge in determining discriminatory intent. *See Hernandez v. New York*, 500 U.S. 352, 365 (1991). The Magistrate Judge properly deferred to the experience of the trial court judge in

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

[2] *Swain v. Alabama*, 380 U.S. 202 (1965).

evaluating the demeanor of each juror and the prosecutor in determining purposeful discrimination.

Petitioner's objections to the Magistrate's factual findings are overruled. The Magistrate Judge did not "discount the massive evidence" in support of the first step of the *Batson* inquiry—the prima facie case that the prosecutor excluded jurors solely on the basis of their race. Rather, the Magistrate noted that an inference of purposeful discrimination had already been found by the Court of Criminal Appeals, and determined that further discussion of the evidence in support of the prima facie case was unnecessary.

### III. COMPETENCY CLAIMS

Miller-El's first objection is that the Magistrate Judge failed to conduct a *de novo* review of his *Pate*[3] and *Dusky*[4] claims. Miller-El cites no authority for the proposition that a state trial court's adoption of one party's proposed factual findings and legal conclusions corrupts the judicial process so that his claim is not "adjudicated on the merits" under 28 U.S.C. § 2254(d). Equally, there is no authority that the Fifth Circuit has adopted the pre-AEDPA *Townsend*[5] exceptions to the presumption of correctness in 28 U.S.C. § 2254(d) and 28 U.S.C. § 2254(e)(1).

Miller-El's second objection is that the Magistrate Judge did not expressly address his *Pate* claim. This Court holds that the Magistrate's factual findings show that the *Pate* claim is not meritorious. Objectively considered, the information received by the trial court regarding Miller-El's condition would not have alerted him to the possibility that Petitioner could not rationally aid his attorney in his defense. Both the Petitioner and his attorney, as well as the trial judge, state

---

[3] *Pate v. Robinson*, 383 U.S. 375 (1966).

[4] *Dusky v. United States*, 362 U.S. 402 (1960).

[5] *Townsend v. Sain*, 372 U.S. 293 (1963).

on the record that Miller-El was competent and aware of the proceedings. The Court finds that Petitioner has not established a *Pate* claim.

Finally, the Court overrules Petitioner's objections to the Magistrate Judge's factual findings, as they are supported by the record in this case.

### IV.    CHALLENGE FOR CAUSE

The Magistrate Judge held that juror Joyce Willard was not improperly excluded from the jury panel in violation of *Witherspoon v. Illinois*, 391 U.S. 510 (1968). Petition's objections point to no demonstrable error of law or fact. Therefore, the Court adopts the Magistrate Judge's findings and recommendation as to Petitioner's fifth ground for relief.

### V.    IMPROPER MENTION OF RELIGIOUS AFFILIATION

Petitioner claims that references to his membership in the Moorish Science Temple a the guilt-innocence and sentencing phase of this trial were in violation of *Dawson v. Delaware*, 503 U.S. 159, 165 (1992). While there is no "per se barrier to the admission of evidence concerning one's beliefs and associations at sentencing simply because those beliefs and associations are protected by the First Amendment," the government may only use such evidence when it is sufficiently related to the issues involved. *Dawson v. Delaware*, 503 U.S. 159, 165 (1992).

Petitioner objects that the Magistrate Judge did not explain the significance of the few references to Petitioner's religious affiliation at the punishment stage. The Court finds that, as evidence had been submitted at trial that other members of the Moorish Science Temple were armed and involved in crime, the references to Miller-El's membership in this group were related to the issue of future dangerousness. *See, e.g., Fuller v. Johnson*, 114 F.3d 491, 498 (5th Cir. 1997), *cert denied*, 522 U.S. 963 (1997).

## VI. CONCLUSION

Subject to the modifications above, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendations. Miller-El's Petition for Writ of Habeas Corpus is hereby **DENIED**.

SO ORDERED

DATED: June 5, 2000

BAREFOOT SANDERS
Senior U.S. District Court Judge
Northern District of Texas